BARTON, et al. *vs.* THE BANK OF THE STATE OF ALABAMA.

In a proceeding against a sheriff and his sureties, for failure to pay over money collected on an execution, it is necessary to prove who the sureties are.

This was a motion against Barton and others, for the failure of Barton to pay over money collected by him as sheriff, on an execution in favor of the Bank. The record did not disclose that any evidence was submitted to the Court below, to shew who were the sureties of Barton; which was assigned as error to this Court.

*Lyon*, for Plaintiff—*Bagby, contra.*

LIPSCOMB, C. J.—Several objections have been taken to the record in this case. We shall notice only the most prominent.

The notice from the President of the Bank, is directed to Benjamin Barton, sheriff, and William H. Clark and William Barton, his securities, that a motion would be made, to recover judgment against them for the amount of an execution in favor of the Bank, collected by the sheriff, and which he had failed to pay over. The motion was made by the attorney for the Bank, for judgment against Benjamin Barton, sheriff, and William Barton and John McGrew, his securities, and judgment awarded, and entered up against all three of them, omitting the name of William Clark, whose name was in the notice, and taking up John McGrew, whose name was not there, and who does not appear from the record, to have received notice at all. There does not appear from the

record, to have been any evidence, to prove who were the securities of the sheriff: this was necessary to be proven, according to the case of *Mc Whorter's Securities* vs. *Marr, et. al.*[a] If such proof was essential to a right of recovery against the securities, it should appear to have been made, in as much as it was a summary proceeding, in which they were sought to be charged for the default of their principal.

There are several other irregularities, apparent on the record; but, as the judgment must be reversed for those we have already considered, we shall forbear noticing them.

Let the judgment be reversed.